# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-60282 -BLOOM

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

BARRINGTON FAGAN,

    Defendant,

_____/

## ORDER

**THIS CAUSE** is before the Court on the Defendant's Motion to Preclude Eyewitness Identification at Trial, ECF No. [18]. The Court has reviewed the Motion, the Response and Reply, all exhibits attached, the Court file and is otherwise fully advised.

The Defendant is charged by Indictment with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (a) (Count I) and Carry, Use and Brandish a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924 (c)(1)(A)(ii) (Count II). The Defendant is alleged to be one of two participants in an armed robbery of a T-Mobile store in Lauderdale Lakes, Florida.

There were three people present in the store on the date of the robbery. One of the witnesses, Jason Belizaire, gave a description of the man alleged to be the Defendant. A photo lineup was created, which included a photograph of the Defendant. Belizaire identified the Defendant with an 80-90% confidence level, placing his initials on the photograph depicting the Defendant. The Defendant now seeks to preclude witness Belizaire from identifying the Defendant at trial claiming that the identification procedures employed at the time were unduly suggestive. The Defendant does not argue that the conduct of the officers was improper but challenges the photo array within its four corners. The Defendant contends that witness Belizaire, who identified the perpetrator as a light-skinned black male individual, was shown a double-blind

photo array depicting six black males, five of which were of dark-skinned black males. The photograph of the Defendant depicts that he is the only light-skinned black male in the photo array.

The Supreme Court has established a two-part test to determine whether out-of-court identification procedures are constitutional. The first step is to determine whether the procedures used were unduly suggestive. *Manson v. Brathwaite*, 432 U.S. 98 (1977). *Williams v. Weldon*, 826 F.2d 1018 (11th Cir. 1987). If so, the second step is to determine whether, under the totality of the circumstances, the identification was reliable. *Neil v. Biggers*, 409 U.S. 188 (1972); *Blanco v. Singletary*, 943 F. 2d 1477 (11th Cir. 1991). Thus, even if the identification procedure is impermissibly suggestive, exclusion of the identification is not required if, when viewed in the totality of the circumstances, the identification possesses sufficient indicia of reliability. *Manson*, 432 U.S. at 113-14.

"To determine if an identification is reliable, the court considers the factors the Supreme Court established in *Neil v. Biggers:* (1) the witness's opportunity to view the perpetrator; (2) the degree of attention; (3) the accuracy of the description; (4) the witness's level of certainty at the time of confrontation; and (5) the length of time between the crime and the identification." *McDonald v. Sec'y, Dept. of Corr.*, 578 Fed. Appx. 921, 923 (11th Cir. 2014), citing *Neil*, 409 U.S. at 199–200; *United States v. Diaz,* 248 F.3d 1065, 1102 (11th Cir. 2001).

The Defendant has the burden of proving that the identification procedure was impermissibly suggestive. *Cikora v. Dugger*, 840 F.2d 893, 895 (11th Cir. 1988). Here, the Defendant does not challenge the actions or words spoken by the officer during the time witness Belizaire was shown the photographs. Rather, the Defendant claims that the stark difference in skin tone between the Defendant's photograph and the other five individual's photographs render the array impermissibly suggestive and, thus, the identification unreliable.

2

The Court first notes that the record reflects that Mr. Belizaire identified the armed robber as "black or latin" and that "he was the lighter skinned one" (as compared to the other robber), "25 to like 31 at the most" (years), "probably from 5'8 to 5'9" (height) and "140 to about 170-ish" (weight). ECF No. [18-1] at p. 1. Attached to the Defendant's Motion is the photographic array. *See* ECF No. [18-2]. The Government also attached the photographic array. *See* ECF No. [27-2]. The exhibits are not identical. The brighter resolution of the color photographs in Government's exhibit result in lighter complexions of all six individuals. The Defendant's exhibit reflects a darker resolution of each photograph. The Defendant argues that "this visibly plain difference and glaring isolation of Defendant's photograph in the array leads to only one conclusion: that the picture Belazaire selected would inevitably have been selected whether or not the individual pictured (Defendant) was guilty or innocent." Reply, ECF No. [30] at p. 3. Because an issue of fact was presented as to the precise array presented to witness Belizaire, the Court conducted a hearing. *See, United States v. Smith*, 546 F. 2d 1275 (5th Cir. 1977). The Court reviewed the complete and original photographic array presented to the witness. *See* Govt. Composite Ex. 1. The original array clearly depicts the Defendant's skin tone as the lightest of the six males in the photographs. The other five individuals are also black males and are of varying degrees of dark skin tone. All six individuals depicted were similar to each other and to the general description given by the witness. The Defendant's photograph was not markedly distinct from the others. In fact, each individual's photograph was similar in size, had a similar facial structure, similar black beard, black mustache and hair length, similar age and an identical blue background. This Court cannot conclude that the mere fact that the Defendant's skin tone is lighter than the others leads to an isolation of his photograph from the others. As such, the Court need not proceed past the first prong to consider the factors in *Neil v. Biggers, infra.* After conducting an evidentiary hearing, the

Court concludes that the photographic array was not impermissibly suggestive. The photographs depict six men in varying degrees of dark complexion and skin tone. While the Defendant is indeed correct that the skin tone of the Defendant is lighter in complexion, the Court does not find a "stark isolation of that photograph" in contrast to the other five individuals, as the Defendant suggests. Nor does the Court find that the picture would have inevitably been selected by witness Belizaire. Our district has recognized that it is not necessary that all "very similar" individuals be in a lineup. See, e.g., *Cikora v. Wainwright*, 661 F. Supp 813 (S. D. Fla. 1987) ("we do not believe the presence or absence of facial hair, which distinguishes the photograph of the suspect from the others, renders a photographic lineup suggestive"). Our court has even determined that simply being of a different race or ethnic group from others placed in a lineup does not necessarily make that lineup impermissibly suggestive, where the other individuals in the lineup had roughly the same characteristics and features as the accused. *Cikora v. Dugger*, 840 F. 2d 893 (11th Cir. 1988), citing *Williams v. Weldon*, 826 F. 2d 1018 (11th Cir. 1987); *See also, United States v. Whitney,* 787 F.2d 457, 459 (8th Cir. 1986) (photo display not overly suggestive even though defendant was the only light-complexioned black man in display); Therefore, concluding that the photo identification procedure was not unduly suggestive, it is:

**ORDERED AND ADJUDGED** that the Defendant's Motion to Preclude Eyewitness Identification at Trial, **ECF No. [18]**, is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 28th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record